UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19-cr-00786-1 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 124] |
| v. | : | |
| | : | |
| AKEEM FARROW, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Akeem Farrow moves *pro se* for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821.[1]

Amendment 821 changes the assignment of "status points" for criminal history calculations. For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[2] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[3]

Although Amendment 821 applies retroactively, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S. Sentencing Guidelines § 1B1.10.[4] And under § 1B1.10(a)(2)(B), a defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range.[5]

---

[1] Doc. 124. Defendant Farrow's counsel filed a notice of no intent to supplement Farrow's motion. Doc. 135. The government opposes Farrow's motion. Doc. 126.
[2] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[3] *Id.*
[4] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[5] U.S.S.G. § 1B1.10(a)(2)(B).

Case No. 1:19-cr-00786-1
GWIN, J.

In this case, the Court found that Defendant Farrow had a Criminal History Category V, because Smith had eleven total points.[6]

Applying Amendment 821, Farrow's criminal history points are reduced to ten. But that does not change Farrow's Criminal History Category[7] and therefore does not change Farrow's guideline range.

For this reason, Defendant Farrow is not eligible for a sentence reduction under Amendment 821 and § 3582(c)(2). The Court **DENIES** the sentence reduction motion.

IT IS SO ORDERED.

Dated: March 27, 2024               *s/       James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[6] *See* Doc. 85, PageID #: 464; Doc. 101, PageID #: 606. The Court sentenced Defendant Farrow to a sentence below the guideline range of 92 to 115 months. Doc. 101, PageID #: 607.
[7] *See* U.S. Sent'g Guidelines Manual, § 5A (U.S. Sent'g Comm'n 2023) (Sentencing Table).

- 2 -