UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19-cr-00786 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 128, 129] |
| v. | : | |
| | : | |
| AKEEM FARROW, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Akeem Farrow has filed a motion to amend or correct his judgement *nunc pro tunc.* He asks the judgment be amended to reflect that his jailtime credit should commence on August 7, 2019.[1] For the following reasons, the Court **GRANTS** Defendant Farrow's motion.

On July 7, 2020, the Court sentenced Defendant Akeem Farrow to eighty-four months incarceration for one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] Farrow's judgment entry read that his eighty-four-month sentence was imposed "with credit for time served on the instant offense."[3]

On July 14, 2022, Defendant Farrow moved for an order granting him credit from the date of his arrest, August 7, 2019.[4] Farrow had been in state custody for the same underlying conduct before his federal charges were filed.[5]

---

[1] Doc. 129. Previously, Defendant Farrow had moved *pro se* for various types of relief, following the Court's order denying Farrow a sentence reduction under Amendment 821. *See* Docs. 127, 128. Farrow's counsel supplemented his *pro se* motion and narrowed the relief sought to a nunc pro tunc judgment amendment.
[2] Doc. 97, PageID #: 589.
[3] *Id.* at PageID #: 590.
[4] Doc. 104, PageID #: 635.
[5] *Id. See* Doc. 20, PageID #: 62.

Case No. 1:19-cr-00786
GWIN, J.

On July 15, 2020, the Court granted Farrow's motion for credit from August 7, 2019, with a marginal entry.[6]

Now, Farrow states that the Bureau of Prisons (BOP) will not calculate Farrow's jailtime credit beginning August 7, 2019, because that date is not in Farrow's judgment entry.[7] Earlier, Farrow's jailtime credit commenced on February 5, 2020.[8] Now, Farrow requests that the Court enter a *nunc pro tunc* entry to clarify that his jailtime credit should commence on August 7, 2019.

Federal Rule of Criminal Procedure grants a court discretion "[a]fter giving any notice it considers appropriate, . . .correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[9] A clerical error is one of recitation, of the sort that a clerk or secretary might commit, mechanical in nature.[10]

The date omission from Farrow's judgment entry is such an error. It was the Court's intention at sentencing that Farrow receive credit for time he served in state imprisonment for this offense.[11] This was confirmed by the Court's July 15, 2020 order. At no point did the government object to Farrow's credit commencing on August 7, 2019.

Farrow states that in order for the BOP to recognize the Court's July 15, 2020 order his judgment entry must be amended.

For the foregoing reasons, the Court **GRANTS** Defendant Farrow's motion for *nunc pro tunc* amended judgment entry. Defendant Farrow's amended judgment entry shall read:

---

[6] Doc. 106, PageID #: 637. *See* Fed. R. Crim. P. 35(a) (court may correct a sentence that resulted from clear error).
[7] Doc. 129, PageID #: 758.
[8] Doc. 119-1, PageID #: 739.
[9] Fed. R. Crim. P. 36.
[10] *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004).
[11] *See* 18 U.S.C. § 3585 ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed."). *See also* Sent'g Hearing Transcript, at 34.

Case No. 1:19-cr-00786
GWIN, J.

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> 84 months as to count 1s with credit for time served on the instant offense, commencing August 7, 2019."

No other aspect of the amended judgment is changed.

If this Order does not enable the BOP to recalculate Defendant Farrow's sentence to comply with the Court's amended judgment, the Court **ISSUES A JUDICIAL RECOMMENDATION** to the Federal BOP that the Defendant receive "service of sentence" credits towards the sentence in the instant case from August 7, 2019, through February 5, 2020, and that his release date be adjusted accordingly.

IT IS SO ORDERED.

Dated: August 13, 2024         *s/      James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE